UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 18-cv-00509 (SRN/SER)

| | |
|---|---|
| Joan Price,<br><br>               Plaintiff,<br><br>vs.<br><br>Midland Funding, LLC, and<br>Messerli & Kramer P.A.,<br><br>               Defendants. | **DEFENDANTS'<br>MEMORANDUM OF LAW IN<br>OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>ATTORNEYS' FEES** |

## **INTRODUCTION**

Defendants Midland Funding, LLC ("Midland") and Messerli & Kramer P.A. ("Messerli") submit this Memorandum of Law in Opposition to Plaintiff Joan Price's counsel's ("Attorney Schwiebert" or "Plaintiff's Counsel") motion for attorneys' fees. As a threshold matter, Plaintiff's counsel's motion is untimely pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) and should be denied in its entirety. In the alternative, Plaintiff's counsel's request for attorneys' fees and costs is unreasonable and not supported by the facts or existing law. Accordingly, Defendants respectfully request that the Court deny Plaintiff's counsel's motion for attorneys' fees in its entirety, or in the alternative, reduce the fees claimed in Attorney Schwiebert's motion.

## FACTS

The procedural history in this matter is short. Plaintiff's counsel drafted a Complaint and accepted an Offer of Judgment.

On April 24, 2018, counsel for Plaintiff sent Defendants a demand for $4,480.00 in attorneys' fees, claiming that he had expended 11.2 hours on the matter and billed at a rate of $400.00 per hour. [Doc. No. 15, Ex. 3.] Defendants responded to Plaintiff's counsel's demand on April 27, 2018 with a detailed analysis of relevant case law and an offer to pay attorneys' fees in the total amount of $1,750.00 based on an hourly rate of $350.00[1]. (*Id.*, Ex. 2.) Plaintiff's counsel rejected Defendants' offer and filed his Motion for Attorney's Fees and Costs on May 22, 2018, twenty-eight (28) days after the entry of judgment. [Doc. No. 12.]

## ARGUMENT

Under 15 U.S.C. § 1692k(a)(3), successful FDCPA plaintiffs are entitled to an award of the costs of the action and reasonable attorneys' fees. Successful FDCPA plaintiffs are not, however, "entitled to the amount requested; they are entitled to what is reasonable under the circumstances." *French v. Corp. Receivables, Inc.*, 489 F.3d 402, 403-04 (1st Cir. 2007). Here,

---

[1] Defendant's offer explains the reasonable rate was $300.00 per hour, but offered $350.00 per hour to foster settlement of the issue. (Weber Decl. ¶ 9.)

608459          2

counsel for Plaintiff seeks to take advantage of the FDCPA's fee shifting provision by obtaining a windfall in an uncomplicated and terse FDCPA case.

## I. PLAINTIFF'S MOTION FOR ATTORNEYS' FEES WAS UNTIMELY AND SHOULD BE DENIED.

Federal Rule of Civil Procedure 54(d)(2)(B) governs attorneys' fees and states in pertinent part that motions for attorneys' fees must be filed no later than fourteen (14) days after the entry of judgment. *See Nelson v. Frana Cos.,* No. 13-cv-2219 (PJS/SER), 2017 U.S. Dist. LEXIS 96320, at *1 (D. Minn. June 21, 2017) (denying Plaintiffs' motion for attorneys' fees in its entirety as untimely when it was filed thirty-two (32) days after the entry of judgment); *see also First Penn-Pacific Life Ins. Co. v. Evans*, 659 F. Supp. 2d 727, 731 (D. Md. 2009) (denying motion for attorneys' fees when it was not filed within fourteen days from the entry of judgment.)

Here, judgment was entered on April 24, 2018. Attorney Schwiebert's motion for attorneys' fees was filed on May 22, 2018; twenty-two days after the entry of judgment. Thus, by not filing his motion within the required fourteen (14) days from the entry of judgment, Attorney Schwiebert waived his right to claim attorneys' fees in this action. Because Attorney Schwiebert's motion is not compliant with the requisite Rules, it should be denied in its entirety.

## II. PLAINTIFF'S COUNSEL'S FEE AGREEMENT IS VOID AS A MATTER OF PUBLIC POLICY.

The fee agreement between Attorney Schwiebert and Price, provided to Defendants' counsel, states in pertinent part: "You hereby unequivocally and irrevocably assign to us all right, title and interest in any attorneys' fees recovered or awarded in this case, whether negotiated between the parties or ordered by the Court." (Weber Decl. ¶ 6-8.) However, costs, like attorneys' fees, are property of the litigant. *Shula v. Lawent*, 359 F.3d 489 (7th Cir 2004.) Minnesota Rule of Professional Conduct 1.8(h)(2)(i) specifically states that a lawyer "shall not acquire a proprietary interest in the cause of action or subject matter of the litigation the lawyer is conducting." Minn. R. Prof. Cond. 1.8(h)(2)(i). This agreement, on its face, creates a proprietary interest in Plaintiff's cause of action, and thus violates Minnesota law. If the Court does not strike Plaintiff's counsel's motion as untimely, a dismissal on the basis of this violation is warranted.

## III. PLAINTIFF'S REQUESTED ATTORNEYS' FEES ARE NOT REASONABLE.

If the Court accepts Attorney Schwiebert's motion for attorneys' fees despite its untimely filing, the Court should reduce the amount of fees requested as they are unreasonable in light of the simple and straightforward nature of this FDCPA action. "A reasonable fee . . . is one that is adequate to attract competent counsel, but [does] not produce windfalls to attorneys." *Lee*

608459                                    4

*v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). The "lodestar" approach is considered to be the proper method for determining the amount of a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri,* 127 F.3d 709, 718 (8th Cir. 1997). Courts also consider the prevailing market rate for similar services in the community where the litigation takes place when performed by "lawyers of reasonably comparable skill, experience, and reputation." *McDonald v. Armentrout,* 860 F.2d 1456, 1458-59 (8th Cir. 1988).

The court may adjust the fee calculation based on other factors, including: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of

the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 434 n. 9.

The court has broad discretion in determining the amount of attorneys' fees that are reasonable in an FDCPA action. *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989). A court's scrutiny is particularly important in FDCPA matters, where there is no paying client to guard against excess.

### A. Reasonable Hourly Rate.

The fee applicant bears the burden to produce satisfactory evidence in addition to the attorney's own affidavit that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *King v. Turner*, No. 05-CV-388, 2007 U.S. Dist. LEXIS 30214, at *1 (D. Minn. Apr. 24, 2007). "The relevant inquiry is the prevailing market rate in the Twin Cities …." *Olson v. Messerli & Kramer, P.A.*, No. 07-CV-0439, 2008 U.S. Dist. LEXIS 29118, at *1 (D. Minn. Apr. 9, 2008) (reducing requested billing rate from $400 per hour to $300 per hour) (citing *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)). In addition, a court may draw on its own experience and knowledge of prevailing market rates when considering an attorney's rate. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005).

### 1. Plaintiff's Counsel's Requested Hourly Rate Is Not Consistent With Prevailing Rates of Solo Practitioners.

Attorney Schwiebert has failed to provide evidence in support of a $400.00 hourly rate for solo practitioners who focus their practice in consumer litigation in the Twin Cites. The affidavit of David P. Swenson, submitted in support of Plaintiff's counsel's motion for attorneys' fees, does not address the reasonable hourly rate for solo practitioners in the Twin Cities. [Doc. No. 14.] Rather, the affidavit points out that Attorneys Swenson and Schwiebert practiced together at Robins Kaplan Miller & Ciresi, LLP, a large law firm in the Twin Cities, and that a $400.00 hourly rate is "on the low end of the range of reasonable hourly fees charged by lawyers of comparable experience and expertise." *Id.* at ¶¶ 9, 13. The affidavit and averments made in Attorney Swenson and Attorney Schwiebert's declarations are insufficient to establish that a $400.00 hourly rate is reasonable for Attorney Schwiebert, who no longer practices at a large law firm, but instead is a solo practitioner. The difference between billing at a large law firm as opposed to a solo firm is directly addressed in the Court's Findings and Recommendations re Attorneys' Fees in *Finkelstein v. Bergna*, 804 F. Supp. 1235 (N.D. Cal. 1992):

> "Plaintiff has provided no direct evidence that a *solo practitioner* performing the bulk of the work on a complex case *himself* could survive in the Bay Area market charging an hourly rate of $300. Plaintiff has provided no declaration from a solo practitioner

stating that he or she charges that much for all work performed on a case. Those attorneys who have submitted declarations stating that they charge rates comparable to $300 per hour . . . all are partners in firms and, presumably, do not regularly perform basic, detail level legal work. It is one thing for a partner in a firm to charge a premium rate for putting in a relatively limited number of well focused hours, serving largely as a director for and supervisor of junior partners or associates who do most of the work and whose time is billed at appreciably lower hourly rates. It is quite another thing for a solo practitioner to charge a premium rate for doing by himself much of the "legwork," e.g. reviewing documents and transcripts, taking routine depositions, doing factual or legal research, drafting written discovery and responses to discovery requests from opponents, etc. . . . Absent clear proof to the contrary (which plaintiff has not provided), we must infer that fee paying clients simply would not tolerate being charged a premium rate for work done by a senior lawyer that could be done on a much more cost-effective basis by less senior and less pricey counsel."

*Finkelstein* at 1246. The Court explained that while higher hourly rates may be appropriate for partners in large firms because the firm makes use of associates, paralegals and legal assistants who do a majority of the work on many cases, the Court pointed out that the same is not true when a solo practitioner performs all of the work himself. *Id.* Here, the rate requested by counsel for Plaintiff, $400.00 per hour, may be in line with that typically charged by shareholders of large law firms to institutional clients or in complex matters, but it is not consistent with those prevailing in the community for solo practitioners representing plaintiffs in FDCPA cases. Furthermore, Attorney Schwiebert has billed at $400.00 per hour for tasks that could and should be handled by staff, or, should be billed at a much

lower rate or included in the firm's overhead and not billed to the client at all. [Doc. No. 15, Ex. 3.]

Attorney Schwiebert attempts to distinguish Judge Ericksen's Order in *Kuntz* on the basis of the Burdge Report [Doc. No. 15, Ex. 4.] However, the rates for the entire state of Minnesota – rather than only for the city of Minneapolis - were appropriate for the Court to consider in *Kuntz*, and contrary to the assertions of Plaintiff's counsel, Judge Ericksen's Order is applicable to this case. Because counsel for Plaintiff failed to submit any evidence that his claimed rates are consistent with those prevailing in the community for similar services by solo practitioners of reasonably comparable skill, experience and reputation, he has failed to meet his burden with respect to his claimed hourly rate of $400.00.

### 2. Plaintiff's Counsel Has Not Provided Sufficient Evidence of Rates Actually Billed and Paid in Comparable Matters.

The fee applicant's testimony that a given fee is reasonable is insufficient if it does not provide evidence of rates actually billed and paid. *Hensley*, 461 U.S. at 439. In the instant matter, counsel for Plaintiff supports his requested billing rate with testimony that he has "extensive" experience in FDCPA litigation. [Doc. No. 15, ¶ 6.] The standard to establish a reasonable hourly rate is "normally the ordinary rate *for similar work* in the

community where the case has been litigated." *Emery*, 272 F.3d at 1048 (emphasis added).

Absent from Plaintiff's counsel's submission is evidence of a client who actually paid $400.00 per hour to him for representation in a FDCPA matter. Likewise, Attorney Schwiebert has not submitted evidence that any non-organizational client has paid him $400.00 per hour as a solo practitioner. As counsel for Plaintiff failed to provide sufficient evidence of rates actually billed and paid in comparable matters, his affidavit is insufficient to meet his burden to demonstrate that the requested hourly rate is reasonable.

### 3. Plaintiff's Counsel's Reasonable Hourly Rate is $300.00.

In this jurisdiction, courts have awarded FDCPA plaintiffs' attorneys' fees at rates in excess of $300.00 per hour typically only when the cases involved attorneys with the experience of litigating hundreds of FDCPA cases over the course of many years. Attorneys with significantly more experience than counsel for Plaintiff in FDCPA matters have been awarded attorneys' fees at a rate of $220.00 to $250.00 per hour. *See, e.g., Goetze v. CRA Collections, Inc.,* No. 15-3169 (MJD/FLN), 2017 U.S. Dist. LEXIS 195064 (D. Minn. 2017); *Scott v. AllianceOne, Inc.*, No. 09-CV-3563 (D. Minn. May 16, 2011.) More recently, the Court has held that from 2015-2016, the median hourly rate for consumer law attorneys in Minnesota was $350.00 per hour. *Kuntz v. Messerli & Kramer P.A.,* No. 16-cv-02676 (JNE/BRT), 2017 U.S.

Dist. LEXIS 123498, at *7 (D. Minn. Aug. 4, 2017) (slashing hourly rate requests of $500.00 to $350.00 in FDCPA case involving consumer attorneys with a "history of litigation" in the district); *see also Proulx v. Midland Funding* LLC, No. 15-cv-00001 (RHK/HB), 2015 U.S. Dist., at 4 (D. Minn. April 9, 2015) (awarding $275.00 hourly rate in FDCPA case that resolved with acceptance of Offer of Judgment); *Gorton v. Debt Equities,* LLC, No. 08-CV-4817, 2009 U.S. Dist. LEXIS 131867 (D. Minn. July 13, 2009) (awarding $350.00 per hour to attorney with thirteen years of experience in FDCPA litigation and a national practice.)

Counsel for Plaintiff is a solo practitioner with a *total* of over twenty years of experience; however, only six (6) of those years have been spent practicing consumer law[2]. [Doc. No. 15, Ex. 1.] The majority of Attorney Schwiebert's resume shows that he spent twenty (20) years at large firms in Minneapolis, and established his solo firm, DBS Law LLC, in 2016. *Id.* Based on counsel for Plaintiff's comparable experience and the simplicity of the instant matter, he should not be awarded more than $300.00 per hour.

---

[2] In support of his request for $400.00 per hour, Plaintiff's counsel notes that he has filed "over fifty (50)" FDCPA cases. [Doc. No. 15, ¶ 7.] In contrast, Defendants' counsel, Derrick N. Weber, practicing twenty-five (25) years as counsel of record in over three hundred (300) FDCPA cases, bills $295.00 per hour. (Weber Decl. ¶ 12.)

608459                                11

B.   **Number of Hours Reasonably Expended**.

An award of attorneys' fees must be based on hours that were "reasonably expended." *Hensley*, 461 U.S. at 434. The court will deduct hours not reasonably expended, such as those that are excessive, redundant, unnecessary, or necessitated by the party requesting the fees. *Id.* "Hours that are not properly billed to one's client are not properly billed to one's adversary…" *Id.* Purely clerical or secretarial tasks should not be billed at a lawyer's rate, even if it is the lawyer who performs them. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 109 S. Ct. 2463, 105 L.Ed.2d 229 (1989). There is no precise rule or formula for making these determinations. *Hensley*, 461 U.S. at 436-37. The court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award. *Id.*

In this matter, counsel for Plaintiff's claimed fees reveals that his time billed is unreasonable and excessive. Plaintiff's counsel claims to have spent 1.4 hours to draft a retainer agreement – which was a form agreement with Plaintiff's name added - and IFP[3]. [Doc. No. 15, Ex. 3.] Additionally, 1.2 hours have been billed for an unrelated state court case, which cannot be recovered in this action. *Id.* 4.3 hours were billed to accept a straightforward Offer of Judgment. *Id.* Additionally, time was billed at an attorney's rate for

---

[3] Ironically, Attorney Schwiebert allegedly billed his client $560.00 in attorneys' fees to avoid paying the $400.00 filing fee.

608459                                    12

tasks that are best described as clerical and administrative, which do not merit an attorney's hourly rate. *Id.* The fees claimed by counsel for Plaintiff are excessive and the number of claimed hours expended is not reasonable given the nature of the claims asserted in this matter. Likewise, counsel for Plaintiff seeks fees for duplicative and wasteful activities, as well as fees which are generally excessive and not billable.

### 1. The Total Hours Claimed Expended is Unreasonable.

Counsel for Plaintiff asserts that he has significant experience in litigating complex cases in the areas of federal patent litigation, and that he has "extensive experience" litigating FDCPA cases. [Doc. No. 15 ¶ 6; Ex. 1.] With this experience, counsel for Plaintiff should be able to swiftly and efficiently litigate a simple FDCPA case such as this one. *See Altergott v. Modern Collection Techniques, Inc.*, 864 F.Supp. 778, 781 (N.D. Ill. 1994) (finding that amount of hours experienced attorney billed to file were excessive specifically because as an experienced attorney, it should not have taken him as long as he billed.) The number of hours expended by counsel for Plaintiff is even more unreasonable in light of the fact that he claims he would bill Plaintiff $400 per hour for his services.

Cases in this district of similar complexity and duration consistently involve far fewer hours expended on the part of plaintiffs' counsel and lesser total fee awards. *See, e.g., Ash v. Malacko*, No. 14-CV-590, 2014 U.S. Dist.

LEXIS 123493, at *3 (D. Minn. Aug. 18, 2014) (plaintiff's counsel awarded attorneys' fees in the amount of $2,475 in FDCPA case where the debt collector responded to the complaint with a Rule 68 offer); *Young v. American Credit & Collections, LLC*, No. 11-CV-3288 (D. Minn. Aug. 29, 2012) (plaintiff's counsel awarded attorneys' fees in the amount of $3,322.50 in FDCPA case where the plaintiff drafted/served a complaint and brought a motion for default judgment); *Young v. Diversified Consultants, Inc.*, 554 F. Supp. 2d 954, 956-57 (D. Minn. 2008) (plaintiff's counsel awarded attorneys' fees in the amount of $3,705.20 in FDCPA case where plaintiff drafted/served a complaint, participated in a Rule 26(f) conference and thereafter received a Rule 68 offer).

Because counsel for Plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and the total time claimed expended for these entries is unreasonable, counsel for Plaintiff's fee claim should be reduced such that the fee award is consistent with previous cases of similar nature and duration. *Hensley*, 461 U.S. at 437.

### 2. Portions of Counsel for Plaintiff's Fees are Duplicative, Excessive, and Gratuitous, and should be Reduced or Denied.

The claims in Plaintiff's pleadings were not novel or complex, especially for Plaintiff's counsel, with such a lengthy and impressive *curricula vitae*,

and did not warrant the expenditure of the number of hours claimed expended for research and drafting the pleadings.

Counsel for Plaintiff claims he spent 2.6 hours composing and "finalizing" the Complaint. [Doc. No. 15, Ex. 3.] Much of Price's Complaint is attributable to text transposed from documents sent to Plaintiff by Midland in the underlying collection case or recitation of statutory language. (*See generally* Compl.) Based on Attorney Schwiebert's claimed experience, fees should be reduced to 1.5 hours for the time expended to research, draft and file the Complaint.

### 3. Counsel for Plaintiff Seeks Fees That Would Not be Properly Billed to His Client.

Counsel for Plaintiff expended an unreasonable amount of time researching Defendants' Offer of Judgment, discussing Defendants' Offer of Judgment with his client, and accepting and filing the Offer of Judgment. The Offer of Judgment provided for an entry of judgment against Midland in the amount of $1,001.00. Counsel for Plaintiff claims to have expended 2.5 hours researching, discussing, meeting with his client, accepting and filing Defendants' offer of judgment. Attorney Schwiebert has also included 1.4 hours of billable time to draft and file an IFP petition on behalf of his client.

*Hensley* clearly states that hours that are not properly billed to one's client are not properly billed to one's adversary. *Id.* at 434. It would be

unreasonable for counsel for Plaintiff to bill his client $1,000.00 to discuss a settlement offer in the amount of $1,001.00. It would also be unreasonable to charge his client $560.00 to draft an IFP petition. Because it is unreasonable and improper for counsel for Plaintiff to bill this time to his client, it is not properly billed to Defendants. Therefore, counsel for Plaintiff's claimed fees for discussing the Offer of Judgment with his client should be reduced by 1.5 hours, to a total of one (1) hour, and time billed for an IFP should be stricken.

### C. Plaintiff's Counsel's Reasonable Fees and Costs.

Utilizing the facts and law set forth above, counsel for Plaintiff's hourly rate should be $300.00 per hour and his claimed time should be reduced from 11.2 hours to five (5) hours. Therefore, counsel for Plaintiff's reasonable attorneys' fees should total no more than $1,500.00.

### D. Fees Related To This Fee Petition Were Not Necessarily Incurred.

In an effort to resolve the fee petition and avoid wasting the Court's time, Defendant, in good faith, offered to Plaintiff a total of $1,750.00 in attorneys' fees, which exceeded what would be "reasonable." (Weber Decl. ¶¶ 9-10.) Plaintiff's counsel rejected Defendants' offer outright, without further discussion. (Weber Decl. ¶ 11.) Plaintiff's counsel did not provide a counter offer and instead filed this motion in an effort to further add additional attorneys' fees to this action. Plaintiff's counsel's decision to not participate

in negotiations in a good-faith attempt to resolve this matter is unreasonable. Courts in this district have held that the failure to attempt to resolve the issue of attorneys' fees in good faith is a basis for the Court to deny fees incurred relating to the fee petition. *See Olson v. Messerli & Kramer, P.A.,* No. 07-CV-0439 (PJS/RLE), 2008 U.S. Dist. LEXIS 29118, at *9 (D. Minn. Apr. 9, 2008) (excluding all hours spent on the fee petition in its award of attorneys' fees.) Denial of attorneys' fees relating to the petition is warranted.

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request the Court deny Plaintiff's counsel's motion as untimely, or in the alternative, as void. If the Court chooses to make a determination on the merits of Plaintiff's counsel's motion, Defendants respectfully request the Court reduce the award of attorneys' fees claimed by counsel for Plaintiff to no more than $1,500.00 to draft a Complaint and accept an Offer of Judgment.

Dated: June 12, 2018
**MESSERLI & KRAMER, P.A.**
By: s/ Derrick N. Weber
Derrick N. Weber #241623
Stephanie S. Lamphere #396794
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Telephone: (763) 548-7942
Facsimile: (763) 548-7922
ATTORNEYS FOR DEFENDANTS