**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joan Price,

Plaintiff,

v.

Midland Funding LLC, and
Messerli & Kramer, P.A.,
Defendants.

Civil File No. 18-cv-00509 (SRN/SER)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PERMIT REPLY OR IN THE ALTERNATIVE TO AMEND DEADLINES PURSUANT TO RULE 6(D)**

## INTRODUCTION

Defendants made an offer of judgment in this case that expressly included attorney's fees "in an amount to be agreed upon by all counsel or, alternatively, as determined by the Court." Docket No. 10-1. Plaintiff's acceptance of the offer of judgment made clear that "[t]he parties are attempting to reach an agreement on fees and costs, but if an agreement is not reached, Plaintiff will petition the Court for such an award." Docket No. 10. Now, despite the express language in the offer of judgment, Defendants have decided that they don't want to pay any attorney's fees.

As set forth in the proposed Reply Memorandum which is attached to the Declaration of Darren Brayer Schwiebert, Plaintiff maintains that Rule 54(b) is inapplicable to the current petition for a setting of the amount of attorney's fees

because the determination that fees will be awarded has already been decided as part of the offer of judgment and in any event the requirement of a "motion" was satisfied by the filing of the acceptance of the offer of judgment, which makes clear that Plaintiff will provide a detailed submission to support a fee award in the event the parties do not agree on one. To the extent that the Court decides that Plaintiff is incorrect in the application of Rule 54, Plaintiff requests leave pursuant to Rule 6(d) of the Federal Rules of Civil Procedure from the 14 day requirement of Rule 54. The delay in filing was the result of excusable neglect and Defendants have suffered no prejudice as a result of the delay.

## ARGUMENT

The Defendants were on notice in this case that attorney's fees would be awarded as part of the judgment. Defendant specifically included an award of attorney's fees in its offer of judgment. The acceptance of the offer of judgment specifically addressed the procedure for determining the amount of those fees. The questions ***was not*** whether attorney's fees would be awarded, but what was the amount of reasonable attorney's fees in this case.

## I. LEAVE SHOULD BE GRANTED FOR PLAINTIFF TO FILE A REPLY MEMORANDUM

Defendant's opposition to Plaintiff's motion addressing the amount of reasonable attorney's fee argues that "no fees" should be awarded because of the timing requirements of Rule 54. As addressed in the proposed Reply

Memorandum, Rule 54 does not apply to this circumstance because there has already been a determination that attorney fees will be awarded. The only question pending before the Court is the reasonable amount of those fees.

Because this issue was not addressed in Plaintiff's initial memorandum, Plaintiff seeks leave to provide the Court with its argument that Rule 54 does not apply.

## II. IN THE ALTERNATIVE, LEAVE FROM THE DEADLINE OF RULE 54 SHOULD BE GRANTED.

Rule 6(b)(1) provides that: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . .on motion made after the time has expired if the party failed to act because of excusable neglect."

Rule 54 is not one of the "exceptions" to which Rule 6(b) may not be applied. *See* Rule 6(b)(2). In fact, Courts have applied Rule 6(b) to provide extension to filings for attorney's fees under Rule 54.

Courts consider the following factors when evaluating allegedly excusable neglect: (1) potential prejudice to the nonmoving party[1]; (2) the length of the delay and the impact of the delay on the proceedings; (3) the moving party's explanation

---

[1] Defendant cannot possibly claim prejudice. Defendant agreed to pay Plaintiff's attorney fees, and the reasonableness of Plaintiff's fees has already been fully briefed to the Court.

for the delay, including whether the delay was within the moving party's reasonable control; and (4) whether the moving party acted in good faith. *See Sugarbaker v. SSM Health Car*e, 187 F.3d 853, 856 (8th Cir. 1999).

In *Sugarbaker*, the Eighth Circuit affirmed a district court's Rule 6(b) extension where the plaintiff "miscalculated the deadline" under Rule 54. *Id.* at 856. The Eighth Circuit held that "the late filing was due to 'inadvertence, mistake or carelessness' and could possibly be excused." *Id*. The *Sugerbaker* Court emphasized that "even though St. Marys' failure to comply with the deadlines imposed by Rule 54(d)(2)(B) was within its own control, its failure to file its motion on time was nonetheless excusable neglect." *Id*.

In *Marquette Bus. Credit, Inc. v. Gleason*, 2015 U.S. Dist. LEXIS 137125 (D. Minn. 2015) the Court granted a similar extension to the deadline for Rule 54, even though plaintiff had not filed a motion under 6(b) for such relief. Applying the same "excusable neglect" standard from *Sugarbaker*, the *Marquette* Court explained:

> In the present case, there has been no prejudice to the non-moving party, who has not even filed a response in opposition to Plaintiff's motion. In addition, the fifteen-day delay in Plaintiff filing the present motion was minimal and that delay has not had an impact on the proceedings in the present case.

*Id*. at *9. These facts are identical to the present case.

The "excusable neglect" in *Marquette* was an incorrect legal conclusion

regarding the deadline for the attorney fee petition based upon L.R. 54.3. *Id*. at *10 ("However, there is nothing in the record to indicate that Plaintiff's mistaken reliance on an outdated version of the Local Rules was not done in good faith, and therefore, it is under the circumstances of this case, excusable neglect.")

A similar result was reached by the Court in *D.S. v. E. Porter County Sch. Corp.*, 981 F. Supp. 2d 805 (N.D. Ind. 2013):

> However, the Court finds that the failure to act was the result of excusable neglect under Federal Rule of Civil Procedure 6(b). *See Crue v. Aiken*, 370 F.3d 668, 680-81 (7th Cir. 2004) (holding that the time to file an attorney's fees request under Federal Rule 54 is subject to Federal Rule 6(b)). "In determining whether a late filing is the result of excusable neglect, the district court looks to whether there will be prejudice to the opposing party, the effect on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

*Id.* at 810.

## **CONCLUSION**

Plaintiff's proposed reply brief addresses an issue that could not and was not reasonably anticipated at the time of the filing of the original motion. To the extent that the Court determines that Rule 54 does, in fact, apply to a motion seeking a determination of the amount of attorney's fees, Plaintiff's delay was the result of excusable neglect and no prejudice was suffered by Defendants. Relief from the 14 day deadline in Rule 54 is appropriate and reasonable under the circumstances.

DATED: June 14, 2018

By: /s Darren B. Schwiebert
Darren Brayer Schwiebert (#260642)
darren@dbslawmn.com
DBS Law LLC
301 Fourth Avenue South, Suite
280NMinneapolis, MN 55415
612.501.6008

Attorneys for Plaintiff
Joan Price